Argued October 10, affirmed October 18, 1967

# STATE OF OREGON, *Respondent, v.* JOSEPH FRANK GUSE, *Appellant.*

432 P. 2d 516

*Donald A. Dole,* Roseburg, argued the cause for appellant. With him on the brief was Harrison R. Winston, Roseburg.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL and HOLMAN, Justices.

## McALLISTER, J.

The defendant, Joseph Guse, was convicted of burglary, and appeals. He assigns as error the denial of his motion for a judgment of acquittal, and the failure of the court to give one of his requested instructions.

In reviewing the record we find ample evidence to support the verdict of the jury. In the middle of a summer night, two deputy sheriffs on patrol west of Roseburg, became suspicious, investigated, and found that a rural school had been broken into. The school had been entered by breaking a glass pane in the rear door. Shattered glass was lying at the bottom of the door both immediately inside and outside the building. The drawers in the teachers' desks in both classrooms had been pulled open and the contents of the desks and of a supply cabinet had been rummaged. An empty money bag was missing from one of the desks. An adjacent building used as a cafeteria was also entered by breaking a pane of glass in the front door. A pair of rubber gloves and four half-pint cartons of milk were missing from the cafeteria. The officers found the milk cartons lying in the schoolyard and saw spilled milk which had not yet been absorbed into the ground.

In their search the officers also found the de-

fendant lying face down in a field about 50 feet from the corner of the schoolyard. The defendant was concealing beneath his body a pair of yellow rubber gloves, a flashlight, and a pry bar. An expert testified that glass imbedded in the defendant's shoes was identical with the glass from the broken panes in the two school doors. An employee of the cafeteria testified in substance that the gloves found under defendant were similar to a pair of gloves used by her in the cafeteria, which were missing after the robbery. The jury could properly infer defendant's guilt from this evidence. The court did not err in denying the motion for a judgment of acquittal.

Defendant also assigns as error the failure of the court to give the following requested instruction:

"I instruct you that the fact that a crime has been committed, the corpus delicti, and that it was done by the Defendant may be lawfully established by circumstantial evidence alone. But I instruct you that the evidence must be satisfactory. Mere suspicion, or mere probability of guilt is insufficient. The evidence must be of the most cogent and convincing nature. Each fact necessary to establish guilt must be proved to your satisfaction as a jury and beyond a reasonable doubt. The evidence upon which the State relies for conviction must not merely coincide with, render probable, and be consistent with, the guilt of the accused, but it must be inconsistent with any reasonable theory of innocence and incapable of explanation upon any other rational hypothesis than that of guilt."

This requested instruction was copied almost verbatim from *State v. Dennis,* 177 Or 73, 77, 159 P2d 838, 161 P2d 670 (1945). The trial court used much of the same language in its instruction concerning circum-

stantial evidence, but did not use the following sentences:

"Mere suspicion, or mere probability of guilt is insufficient. The evidence must be of the most cogent and convincing nature."

Defendant's real complaint is the failure of the court to instruct the jury in the language of the two quoted sentences, and particularly the second.

■ The court was not required to instruct in the precise language of *State v. Dennis*, supra, and rightly declined to do so. In criminal cases guilt must be proved beyond a reasonable doubt. In the case at bar the jury was repeatedly told that defendant's guilt must be established beyond a reasonable doubt, and the term "reasonable doubt" was fully explained. The court did not err in declining to also tell the jury that to warrant a conviction the evidence must be "of the most cogent and convincing nature." Such an instruction would have defined the required degree of proof in language different than "reasonable doubt," and might have confused the jury as to which test to apply.

The judgment is affirmed.